United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

Micquel R. Bingham,

    Defendant.

Case No. 23-cr-20473

Hon. Shalina D. Kumar
United States District Judge

_____/

# Plea Agreement

The United States of America and the defendant, Micquel R. Bingham, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1. Count of Conviction**

The defendant will plead guilty to Count 4 of the Indictment. Count 4 charges the defendant with felon in possession of a firearm under 18 U.S.C. § 922(g)(1).

**2. Statutory Maximum Penalties**

The defendant understands that the count to which he is pleading guilty carries the following maximum statutory penalties:

| Count 4 | Term of imprisonment: | Up to 15 years |
| --- | --- | --- |
| | Fine: | No more than $250,000 |
| | Term of supervised release: | Up to 3 years |

3.  **Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss Counts 1, 2, 3, and 5 – 9 of the indictment.

4.  **Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional charges against the defendant for the conduct reflected in the indictment or factual basis.

5.  **Elements of Count of Conviction**

The elements of Count 4 are:

1.  The defendant was previously convicted of a crime punishable by a term of imprisonment exceeding one year;

2.  The defendant, following his conviction, knowingly possessed a

firearm;

3. The defendant knew he had a felony conviction when he possessed the firearm; and

4. The firearm was possessed in or affecting interstate commerce.

6. **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

> On or about May 19, 2023, in the Eastern District of Michigan, the defendant, Micquel R. Bingham, knowing he had been previously convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly possessed, in and affecting commerce, a firearm, that is, a Glock, Model 23, .40 caliber pistol equipped with a "Glock switch" machinegun conversion device and a large capacity magazine. On that day, the defendant sold the firearm, through an intermediary, to Indiviudal-1 at a residence in the city of Flint.
>
> At the time that the defendant possessed the firearm, he knew he had been previously convicted of numerous felony offenses including the following:
>
> > a. 2016 – home invasion-second degree;
> > b. 2017 – financial transaction device-stealing/retaining w/o consent (two counts);
> > c. 2017 – assaulting/resisting/obstructing a police officer;
> > d. 2017 – escape;
> > e. 2021 – larceny from a motor vehicle.
>
> These are all felony offenses, punishable by a term of imprisonment exceeding one year.

The Glock, Model 23, .40 caliber pistol was manufactured outside the state of Michigan and was therefore possessed in and affecting interstate commerce.

## 7. Stipulated Offenses

The parties stipulate under USSG § 1B1.2(c) that the defendant has committed the following additional offenses and that his sentencing guidelines should be calculated as if he had been convicted of additional counts charging those offenses:

<u>March 13, 2023:</u>
On or about March 13, 2023, in the Eastern District of Michigan, the defendant, knowing he had been previously convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly possessed, in and affecting commerce, a firearm, that is, a Raven Arms, Model MP-25, .25 caliber, semi-automatic pistol, with an obliterated serial number, and a Springfield, Model XDM-45, .45 caliber, semi-automatic pistol.

<u>May 19, 2023:</u>
On or about May 19, 2023, in the Eastern District of Michigan, the defendant, knowing he had been previously convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly possessed, in and affecting commerce, a firearm, that is, a Glock, Model 23, .40 caliber pistol, which had been modified with a conversion device that converted the firearm to shoot automatically more than one shot, without manual reloading, by a single function of the trigger. On that day, the defendant sold the firearm to Individual-1 knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by Individual-1 would constitute a felony.

<u>June 1, 2023:</u>
On or about June 1, 2023, in the Eastern District of Michigan, the defendant knowingly possessed a machinegun, that is, two machinegun conversion devices, also known as "Glock switches," a part designed

and intended solely and exclusively to convert a firearm to shoot automatically more than one shot, without manual reloading, by a single function of the trigger. On that day, the defendant sold the Glock switches, through an intermediary, to Individual-1 knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by Individual-1 would constitute a felony.

<u>June 29, 2023</u>:
On or about June 29, 2023, in the Eastern District of Michigan, the defendant, knowing he had been previously convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly possessed, in and affecting commerce, a firearm, that is, a Smith & Wesson, model M&P 15, .223 caliber, semi-automatic rifle, and an FNH USA, LLC, Model FNS-9, 9mm caliber, semi-automatic pistol. On that day, the defendant sold the firearms to Individual-1.

**8. Advice of Rights**

The defendant has read the indictment, has discussed the charges and possible defenses with his attorney, and understands the crime(s) charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B. The right to a speedy and public trial by jury;

C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

  F. The right to testify or not to testify at trial, whichever the defendant chooses;

  G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

  H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

  I. The right to compel the attendance of witnesses at trial.

**9.** **Collateral Consequences of Conviction**

The defendant understands that his conviction[s] here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction[s] here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction[s] here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction[s] might be. The defendant

nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction[s].

## 10. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense(s) to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for

acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- §2K2.1(a)(3)      Large capacity magazine/machine gun and one prior crime of violence
- §2K2.1(b)(1)(B)      8 – 24 firearms
- §2K2.1(b)(4)(B)      Obliterated serial number
- §2K2.1(b)(5)      Trafficking of firearms

### D. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 10.B or 10.C. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### E. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not

incorporate the parties' recommendations or factual stipulations in paragraphs 10.B or 10.C. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

**11. Imposition of Sentence**

**A. Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

**B. Imprisonment**

**1. Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the bottom of the defendant's guideline range as determined by the Court.

**2. No Right to Withdraw**

The government's recommendation in paragraph 11.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's

recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 2-year term of supervised release.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 11.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

The parties have no agreement as to a fine.

E.  **Forfeiture**

The defendant agrees, pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c), to forfeit all firearms and ammunition involved in or used in the commission of his violation of 18 U.S.C. § 922(g)(1) including, but not limited to, the following:

- a. a Raven Arms, Model MP-25, .25 caliber, semi-automatic pistol, with an obliterated serial number;

- b. a Springfield, Model XDM-45, .45 caliber, semi-automatic pistol, serial number MG669902;

- c. a Pioneer Arms, Model Hellpup, 7.62x39mm caliber, AK-47 style semi-automatic pistol, serial number PAC1132846;

- d. a Glock, Model 23, .40 caliber pistol, serial number BXSF042;

- e. two machinegun conversion devices, also known as "Glock switches;"

- f. a Smith & Wesson, model M&P 15, .223 caliber, semi-automatic rifle, serial number TS41118; and

- g. an FNH USA, LLC, Model FNS-9, 9mm caliber, semi-automatic pistol, GKU0093157.

The defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following the defendant's guilty plea, upon application by the United States as mandated by Fed. R. Crim. P. 32.2. The

defendant agrees that the forfeiture order will become final as to the defendant at the time entered by the Court.

The defendant expressly waives his right to have a jury determine forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure. The defendant further waives the requirements of Fed.R.Crim.P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him[her] of his rights with respect to forfeiture, set forth in Fed.R.Crim.P. 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of the firearms and ammunition referenced above.

The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### F. Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 12. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the top of the guideline range as determined by the Court.

## 13. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

14. **Remedies for Withdrawal, Breach, Rejection, or Vacatur**

If the defendant is allowed to withdraw his guilty plea(s) or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

15. **Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his

guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**16.    Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**17.    Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

18. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by **5:00 p.m. on Friday, December 8, 2023**. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

_____
Anthony P. Vance
Chief, Branch Offices
Assistant United States Attorney

Dated: 11/17/2023

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____        _____
Major White                                                    Micquel R. Bingham
Attorney for Defendant                                  Defendant

Dated: 7-17-24